UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS EDUARDO VALENCIA-PULGARIN,

    Petitioner,

v.                                              CASE NO. 8:09-CV-1139-T-27EAJ
                                                     CRIM. CASE NO. 8:06-CR-343-T-27EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 challenging his 2007 plea based convictions for conspiracy to possess with intent to distribute 5 or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count One), and possession with the intent to distribute 5 or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count Two) (CV Dkt. 1),[1] and Respondent's Motion to Dismiss as Time-Barred Valencia-Pulgarin's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 9).[2] Upon consideration, the Court agrees with Respondent that Petitioner's 28 U.S.C. § 2255 motion is time

---

[1] Petitioner advised the Court that he wanted the Court to treat his pleading as a motion to vacate pursuant to § 2255 (CV Dkt. 3).

[2] Petitioner has not filed a reply to the Respondent's response, even though the Court granted Petitioner the opportunity to do so (See CV Dkt. 5). Petitioner was also advised that if Respondent filed a motion to dismiss, that the granting of the motion would represent an adjudication of this case (Id.). *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.

barred, and Petitioner has not established a basis for equitable tolling.[3]

## Background

On October 5, 2006, Petitioner pleaded guilty to Counts One and Two of the Indictment (CR Dkt. 140). On February 5, 2007, Petitioner was sentenced to 87 months imprisonment, to be followed by 5 years of supervised release. (CR Dkt. 189). Judgment was entered on February 6, 2007 (Id.). Petitioner did not appeal. Accordingly, Petitioner's conviction became final on February 21, 2007, when the time for filing an appeal expired. *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). Petitioner filed his construed § 2255 motion on August 20, 2008 (CV Dkt. 1 at 1). Petitioner's § 2255 motion was filed approximately six months after the one year limitation period for filing a § 2255 motion expired on February 21, 2008.

In his § 2255 motion to vacate, Petitioner essentially asserted two claims of ineffective assistance of counsel: 1) his attorney's advice undermined the knowing and voluntary nature of his guilty plea; and 2) his attorney failed to seek mitigating role adjustment at sentencing and failed to pursue an appeal (CV Dkts. 1, 3). Because Petitioner's § 2255 motion is time barred, it is unnecessary to address the merits of his claims.

## Discussion

The AEDPA "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by

---

[3]Petitioner was put on notice that his § 2255 motion may be untimely (CV Dkt. 2), and he acknowledged the issue of timeliness in his response (CV Dkt. 3).

2

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(1)-(4)).

Petitioner had until February 21, 2008, to file a timely § 2255 motion, but filed the instant § 2255 motion on August 20, 2008, well after the one year limitation period expired. The § 2255 motion is therefore time barred and subject to dismissal unless Petitioner can show that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)(Equitable tolling appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.). The burden of establishing entitlement to this extraordinary remedy plainly rests with the Petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003).

Here, it appears Petitioner asserts that he is entitled to equitable tolling because he is unfamiliar with the law, and his attorney told him after sentencing to "wait a little bit more, before we decide what to do" and then failed to contact Petitioner (CV Dkt. 3 at pgs. 1-2). In *Miller v. Florida*, 307 Fed. Appx. 366, 368 (11th Cir. 2009)(unpublished opinion), the Eleventh Circuit Court of Appeals stated:

> To obtain equitable tolling -- "an extraordinary remedy that must be applied sparingly" -- an Appellant carries the burden of showing that he was diligent in his

efforts to file timely and that extraordinary and unavoidable circumstances prevented the Appellant from filing timely. *See Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "A truly extreme case is required." Id.

Petitioner wholly fails to allege or establish extraordinary and unavoidable circumstances that prevented him from timely filing his § 2255 motion. Petitioner is not entitled to equitable tolling because of his lack of legal training. *Miller*, 307 Fed. Appx. at 368 (citing *United States v. Montano*, 398 F.3d 1276, 1280 n. 5 (11th Cir. 2005)). To the extent Petitioner attributes his failure to timely file his § 2255 motion to his attorney's alleged negligence, attorney negligence does not support equitable tolling. *See Holland v. Florida*, 539 F.3d at 1339; *Steed v. Head*, 219 F. 3d 1298 (11th Cir. 2000). Instead, "[t]here must be 'an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part' in order for a court to find there was such egregious attorney misconduct that a petitioner is entitled to equitable tolling." *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008)(quoting *Holland*, 539 F.3d at 1339). Petitioner does not allege that his attorney acted in bad faith, was dishonest, had a divided loyalty, or was mentally impaired. "Even when combined with his attorneys' alleged failure to communicate about the status of his case, no egregious misconduct has been shown." *Melson*, 548 F. 3d at 1001. Furthermore, Petitioner wholly fails to demonstrate he diligently pursued his rights.

In sum, even accepting Petitioner's explanations for why he did not timely file as true, he has not demonstrated any extraordinary circumstances that were "unavoidable even with diligence." *United States v. Scott*, 294 Fed. Appx. 603, 607 (11th Cir. 2008)(unpublished opinion).

ACCORDINGLY, the Court **ORDERS** that:

1. Respondent's Motion to Dismiss as Time-Barred Valencia-Pulgarin's Motion to Vacate,

Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 9) is **GRANTED**. Petitioner's § 2255 motion to vacate (CV Dkt. 1) is **DISMISSED** as time barred.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on *September 16th*, 2009.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc

<u>Copies furnished to</u>:
Petitioner *pro se*
Counsel of Record